## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STANLEY PRINCE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-cv-248-MJR |
| | ) | |
| LISA J. W. HOLLINGSWORTH, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Petitioner Stanley Prince filed this action pursuant to 28 U.S.C. § 2241 to challenge his sentence enhancement as an armed career criminal under 18 U.S.C. § 924(e).

### PROCEDURAL BACKGROUND

Prince pleaded guilty to being a felon in possession of a firearm and to possessing with intent to distribute a mixture or substance containing a detectable amount of heroin, for which he is serving a total term of 188 months imprisonment. *United States v. Prince*, Case No. 04-cr-056-ERW (E.D. Mo. filed Jan. 28, 2004). As part of his plea agreement, Prince waived his right to appeal and to pursue post-conviction relief pursuant to 28 U.S.C. § 2255. *Id*. Despite his waiver, Prince pursued, but was denied, relief pursuant to 28 U.S.C. § 2255. *Prince v. United States*, Case No. 05-cv-506-ERW (E.D. Mo. filed March 28, 2005).

### THE PETITION[1]

The gravamen of the instant § 2241 action is Prince's claim that he did not have the required

---

[1]For purposes of this review, the petition consists of the original petition, the amended petition, and the addendum to the petition filed by Petitioner.

prior felony convictions necessary to trigger the application of the enhanced sentence provided by 18 U.S.C. § 924(e).   Specifically, Prince contends (1) that two prior state court convictions for burglary in the second degree are not violent felonies under § 924(e) in light of the Supreme Court's decision in *Begay v. United States*, — U.S. —, 128 S.Ct. 1581,1586 (2008); (2) that a state court conviction for unlawful possession of a concealable firearm is not a violent felony under § 924(e)(2)(B)(i); and (3) that a state court conviction for possessing a controlled substance in a correctional facility is not a serious drug offense for purposes of § 924(e)(2)(A)(ii).

## DISCUSSION

The analysis of Prince's § 2241 *habeas corpus* petition in this Court begins and ends with 28 U.S.C. § 2255.   Typically, § 2255 is the exclusive means by which a federal prisoner may collaterally attack his conviction.   *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).   A federal prisoner may not seek relief pursuant to 28 U.S.C. § 2241 unless he can first show that § 2255 is "inadequate or ineffective" to test the legality of his detention.   28 U.S.C. § 2255(e).

In the Seventh Circuit, § 2255 is "inadequate or ineffective" in this context only in those cases in which the statute's provisions prevent a prisoner from obtaining judicial review of a legal theory that establishes his "actual innocence." *Kramer*, 347 F.3d at 217.   Thus, in order to succeed Prince must show  that the legal theory he advances relies on a change in law that (a) postdates his first § 2255 motion and (b)  fails to satisfy the provisions of § 2255 for successive motions.   *Id.* Additionally, Prince must establish that his legal theory "supports a non-frivolous claim of 'actual innocence.'" *Id.*

With regard to his first habeas claim (concerning his burglary convictions) Prince relies on a legal theory that post-dates his § 2255 motion.   The *Begay* case on which Prince relies was not

decided until 2008, several years after his § 2255 motion was denied. *Supra*. Therefore, Prince clears the first hurdle with respect to his first claim (concerning the burglary convictions), but does not clear this hurdle with respect to his second (firearm conviction) and third (controlled substance conviction) claims. The next step is to determine if Prince's legal theory fails to satisfy § 2255's provisions governing successive motions.

In order to bring a second or successive motion pursuant to § 2255, a petitioner must convince the appellate court of the circuit of his conviction that (a) there is newly discovered evidence that clearly and convincingly establishes that no reasonable factfinder would have found the movant guilty of the crime of conviction; or (b) there is a new (and material) rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was not previously available. 28 U.S.C. § 2255(h)(1-2).

With respect to his first habeas claim, Prince's legal theory is not based on "newly discovered evidence" demonstrating he is actually innocent of the crime of conviction. Nor is it based on a new rule of constitutional law. Rather, it is based on a decision of statutory construction by the Supreme Court. *See Begay v. United States*, 128 S. Ct. 1581 (2008). Thus, his legal theory does not fall within either of § 2255's provisions allowing second or successive motions, and he clears the second hurdle with regard to his first habeas claim. However, Prince stumbles on the last hurdle because, as will be made clear, his legal theory does not establish a "non frivolous" claim of actual innocence of the crimes to which he pleaded guilty.

Prince claims he is "actually innocent," not of the federal crimes for which he pleaded guilty, but of being a "armed career criminal" pursuant to 18 U.S.C. § 924(e). His claim, in other words, is that, in retrospect, the sentencing court misapplied 18 U.S.C. § 924(e) resulting in a lengthier

sentence being imposed on him than he should have received for the crimes he pleaded guilty to committing.  Unfortunately for Prince, such claims are not appropriate for collateral review. *Montenegro v. United States*, 248 F.3d 585, 596 (7th Cir. 2001) (citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993)); *also see In re Davenport*, 147 F.3d 605, 609-610 (7th Cir. 1998).[2]

Prince was not convicted of being an "armed career criminal."  It is not a "crime" to be a "armed career criminal offender."  Rather, that status is a sentencing enhancement that acts to increase the sentence of a convicted defendant that meets the statutory definition.  *See* 18 U.S.C. § 924(e).  It is intended to ensure increased sentences for recidivist offenders who committed crimes of violence or drug offenses.  *See United States v. Labonte*. 520 U.S. 751, 774, 117 S. Ct. 1673 (1997).  Being innocent of being an armed  career criminal is innocence only in a "technical sense," which is insufficient to show that § 2255 is "inadequate or ineffective" and, thus, allow a § 2241 petition by a federal prisoner. *In re Davenport*, 147 F.3d 605, 609-610 (7th Cir. 1998).  Instead, such a claim is appropriate for a direct appeal or a § 2255 motion to vacate or modify sentence.

Prince filed a § 2255 motion without success.  However, his lack of success or even the fact that, in retrospect, an error may have been made in his sentence does not show § 2255 to be "inadequate or ineffective" as the law defines those terms.  *See Taylor v. Gilkey*, 314 F.3d 832, 835-836 (7th Cir. 2002).  In sum, Prince's claim falls short of the magnitude of error that is sufficient to allow his petition to proceed on the merits.

In order to gain a review on the merits of his Petition, Prince's legal theory cannot merely attack the length of his sentence, but must demonstrate a nonfrivolous claim that he is <u>actually</u>

---

[2]  The 7th Circuit overruled part III of *Montenegro* in *Ashley v. United States*, 266 F.3d 671**,** 674 (7th Cir. 2001).  The Court's citation to *Montenegro* does not fall within the overruled section of the case, which has no bearing on the Court's decision.

innocent of the crimes for which he pleaded guilty.  *See Unthank v. Jett*, 549 F.3d 534, 535-536 (7th Cir. 2008); *Kramer v. Olson*, 347 F.3d 214, 217-219 (7th Cir. 2003);  *In re Davenport*, 147 F.3d at 609-610.   Arguments that a sentence enhancement was misapplied simply do not represent a fundamental miscarriage of justice that the law requires to allow a federal prisoner to collaterally attack his sentence  pursuant to § 2241.  *See Unthank*, 549 F.3d at 535-536; *Kramer*, 347 F.3d at 217-219; *Cooper v. United States*, 199 F.3d 898, 899-901 (7th Cir. 1999); *In re Davenport*, 147 F.3d at 609-610.  Thus, the Court finds that Prince fails to demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."

## DISPOSITION

In sum, the Court finds that Prince fails to make a non-frivolous claim of actual innocence of the crime of conviction that is necessary to satisfy the 7th Circuit's standard for a federal prisoner to collaterally attack his sentence via 28 U.S.C. § 2241.  Thus, pursuant to 28 U.S.C. § 2255(e), the Court is without jurisdiction to consider the merits of his § 2241 petition.  Accordingly, Prince's Petition is **DENIED** and **DISMISSED, WITH PREJUDICE**.  All pending motions are **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

**DATED this 5th day of November, 2009.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**